# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| THAO NGUYEN, INDIVIDUALLY, AND AS GUARDIAN OF J.N., A MINOR CHILD | § § § § | CIVIL ACTION NO.  4:19-CV-00722 Judge Mazzant |
| *Plaintiff*, | § § § | |
| v. | § § | |
| SFM, LLC, d/b/a SF MARKETS, LLC | § § | |
| *Defendant*. | § § § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Pending before the Court is Defendant SFM, LLC's Motion to Dismiss for Want of Prosecution (the "Motion to Dismiss") (Dkt. #20).  Having considered the motion and the relevant pleadings, the Court finds that the motion should be **GRANTED**.

## BACKGROUND

On August 21, 2019, Plaintiff Thao Nguyen, individually, and as a guardian of J.N., a minor child, filed suit against Defendant in the 362nd State District Court of Texas (Dkt. #1, Exhibit 3).  On October 3, 2019, Defendant removed the case to federal court (Dkt. #1).  Plaintiff asserts negligence claims against Defendant related to a slip-and-fall incident at one of Defendant's stores (Dkt. #3).

On July 14, 2020, Defendant filed the present Motion to Dismiss for Lack of Prosecution (Dkt. #20).  On October 1, 2020, the Court ordered Plaintiff to file a response to Defendant's motion (Dkt. #21).  Plaintiff did not filed a response.  The Court therefore takes up the merits of Defendant's motion.

## LEGAL STANDARD[1]

A district court may dismiss an action for failure to prosecute or to comply with an order of the court.  *See generally McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988); *Magnuson v. Elec. Data Sys. Corp.*, 252 F.3d 436 (5th Cir. 2001); *Beard v. Experian Info. Sol., Inc.*, 214 F. App'x 459 (5th Cir. 2007); FED. R. CIV. P. 41(b).  "Where further litigation of a claim will be time-barred, a dismissal without prejudice is no less severe a sanction than a dismissal with prejudice, and the same standard of review is used."  *Berry*, 975 F.2d at 1191.  Dismissals with prejudice "involve egregious and sometimes outrageous delays."  *Rogers v. Kroger Co.*, 669 F.2d 317, 321 (5th Cir. 1982).  Ultimately, dismissals with prejudice have been affirmed by the Fifth Circuit when "the plaintiff's conduct has threatened the integrity of the judicial process, often to the prejudice of the defense, leaving the court no choice but to deny that plaintiff its benefits." *Id.*

## ANALYSIS

Based upon a review of the docket, Plaintiff has not been engaged in this lawsuit. Plaintiff's counsel acknowledged receipt of two of this Court's orders—an Order and Advisory regarding the Notice of Removal and an Order Governing Proceedings (Dkt. #7).  After a discovery dispute arose regarding the requirements set forth in the Scheduling Order, Plaintiff's counsel appeared on behalf of Plaintiff at the telephone conference held by the Court on May 14, 2020. Defendant began seeking discovery in the case on January 15, 2020 (Dkt. #20 at p. 1–2).  Plaintiff has yet to provide any responses to Defendant's discovery requests (Dkt. #20 at p. 1–2), Plaintiff did not respond to Defendant's Motion to Compel (Dkt. #18), and Plaintiff has not complied with Defendant's First Amended Motion to Compel granted by the Court (Dkt. #20 at p. 2).  Most

---

[1] The Court notes that the statute of limitations has run in this case.  Dismissal without prejudice would be tantamount to dismissal with prejudice.  Under these circumstances, the Fifth Circuit utilizes the "with prejudice" heightened analysis. *Berry v.Cigna/RSI-Cigna*, 975 F.2d 1188, 1191 (5th Cir. 1992).

recently, Plaintiff has failed to respond to Defendant's present motion, despite a Court Order mandating a response, or notification that there is no opposition (Dkt. #21).  Plaintiff has continually failed to comply with the Court's orders and prosecute her case.

Defendants argues that Plaintiff's inactivity in the case warrants a dismissal with prejudice. However, dismissal with prejudice is a "drastic remedy to be used only in those situations where a lesser sanction would not better serve the interests of justice."  *Morris v. Ocean Sys., Inc.*, 730 F.2d 248, 251 (5th Cir. 1984) (citing *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. 1981), *quoting Brown v. Thompson*, 430F.2d 1214, 1216 (5th Cir. 1970)).  The Fifth Circuit has consistently considered five factors when determining whether a dismissal with prejudice was warranted: (1) clear record of delay; (2) futile lesser sanctions; (3) extent to which the plaintiff, not plaintiff's counsel, was personally responsible for the delay; (4) the degree of actual prejudice to the defendant; and (5) whether the delay was the result of intentional conduct.  *Rogers*, 669 F.2d at 320.  Typically, dismissals with prejudice are reserved for cases "where the requisite factors of clear delay and ineffective lesser sanctions are bolstered by the presence of at least one of the aggravating factors."  *Id.*  Dismissal with prejudice has been proper, however, where the "clear records of delay were directly attributable to the plaintiffs themselves."  *Id.* at 321.  Dismissal with prejudice has also been warranted when "lesser sanctions were imposed to no avail before the district court dismissed with prejudice."  *Id.*

### Clear Record of Delay

Defendant claims that Plaintiff's inactivity shows disinterest in and abandonment of the prosecution of this case.

Plaintiff has participated in this case by filing a state court petition (Dkt. #3), acknowledging receipt of two Court orders, and participating in a telephone conference regarding

a discovery dispute (Dkt. # 7). Plaintiff has not, however, provided responses to Defendant's discovery requests (Dkt. #20).  The Court entered an Order requiring Plaintiff file her responses and complete her deposition within thirty days on June 9, 2020 (Dkt. #19).  Plaintiff also has yet to comply with the Order—despite the thirty-day deadline passing well over a month ago.  Additionally, Plaintiff did not file motions to continue or motions for extensions.  *See Rogers,* 669 F.2d at 321.  The lack of diligence Plaintiff has exhibited while pursuing this action shows a clear record of delay.

### *Futile Lesser Sanctions*

Lesser sanctions have not been imposed on Plaintiff in this case. The Court must therefore determine whether lesser sanctions would be futile.

Defendant argues that lesser sanctions would be unlikely to prompt compliance by Plaintiff.  Plaintiff has offered no explanation as to the delay in the prosecution of her case.  Additionally, Plaintiff's counsel has been unable to communicate with Plaintiff concerning the continued prosecution of her case.

The Court considers a variety of lesser sanctions, including: "[a]ssessment of fines, costs, or damages against the plaintiff…conditional dismissal, dismissal without prejudice, and explicit warnings."  *Id.*  The assessment of fines, costs, or damages means little if the Plaintiff cannot be reached to receive judgment.  The Court used mandatory language in its Order compelling Plaintiff to comply with discovery requests, attend a deposition, and respond to the present motion, yet the Plaintiff has not complied.  Plaintiff has already failed to comply with two of the Court's orders, and nothing indicates that imposing sanctions would compel her to prosecute the case more diligently.  Thus, the Court finds this factor weighs in favor of dismissal with prejudice.

*Extent to Which Plaintiff was Personally Responsible for the Delay*

Defendants do not contend that Plaintiff's counsel is responsible for the delay in the case. Plaintiff traveled outside the United States before the Covid-19 pandemic and has not contacted her counsel since that time.  Defendant's counsel emailed Plaintiff's counsel on April 27, 2020 asking for an update on whether Plaintiff's counsel was able to get in touch with his client.  Over four months have passed since that email with no updates on Plaintiff's status.  While Plaintiff's inaction before her departure might arguably be attributed to more than one source, her lack of communication after her departure only comes from one: Plaintiff.  Thus, the Court finds this factor weighs in favor of dismissing Plaintiff's case with prejudice.

*Degree of Actual Prejudice to the Defendant*

Defendant argues that actual prejudice has resulted from Plaintiff's.  The deadline for discovery passed on May 18, 2020.  The Court allowed Plaintiff an additional thirty days from June 9, 2020—almost a month after the original date discovery closed—to file her responses and complete her deposition (Dkt. #18).  Over eighty days later, Plaintiff has still done neither.

Plaintiff's delay and noncompliance have precluded Defendant from obtaining discovery. Further, Defendant argues that its ability to prepare for trial has been hindered by Plaintiff's inaction and that it has incurred ongoing fees in the defense of the suit.  The discovery deadline passed after Plaintiff left the United States and stopped communicating with counsel.  The pretrial conference and trial are quickly approaching, and there is no indication that Plaintiff plans to prosecute the action diligently.  The longer Plaintiff delays, the less time Defendant has to procure a defense. Thus, the Court finds this factor weighs in favor of dismissing the case with prejudice.

### *Whether the Delay was Result of Intentional Conduct*

Defendant argues that Plaintiff's failure to contact her lawyers to explain her actions and overall failure to prosecute this action suggests that Plaintiff is intentionally failing to prosecute this case. Plaintiff has offered no explanation as to her or any reason as to her disappearance.

While the Court agrees that Plaintiff's conduct appears to be intentional rather than inadvertent, without further explanation into why Plaintiff left the United States and has not been in contact with her counsel, the Court finds this factor to be neutral.

A clear record of delay exists, the Court has determined that lesser sanctions would be futile, the delay was caused by the Plaintiff herself, and actual prejudice to Defendant resulted. After weighing the applicable factors, the Court agrees with Defendant that Plaintiff's case should be dismissed with prejudice. *See Berry*, 975 F.2d at 1191 (noting that the existence of the first two factors—clear record of delay and the futility of lesser sanctions—in conjunction with one of the three aggravating factors—delay caused by Plaintiff himself, actual prejudice to Defendant, or delay caused by intentional conduct—were sufficient to dismiss a case with prejudice).

## CONCLUSION

It is therefore **ORDERED** that Defendant's Motion to Dismiss (Dkt. #20) is hereby **GRANTED**, and Plaintiff's case is **DISMISSED WITH PREJUDICE**.

**All relief not previously granted is hereby denied.**

**The Clerk is directed to close this civil action.**

**SIGNED this 2nd day of November, 2020.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE